JEAN R. HARRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 13131-89
United States Tax Court
T.C. Memo 1991-517; 1991 Tax Ct. Memo LEXIS 567; 62 T.C.M. (CCH) 1025; T.C.M. (RIA) 91517; October 15, 1991, Filed *567 Gregory S. Cilli, for the petitioner. Glorianne Gooding Jones, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on Jean R. Harrison's (hereinafter petitioner) motion for litigation and administrative costs [1] pursuant to Rule 231 [2] and section 7430. Respondent's determined deficiency and additions to tax as set forth in the notice of deficiency have been conceded by respondent. The sole issue before us is whether petitioner is entitled to recover her litigation and administrative costs from respondent. *568 FINDINGS OF FACT Petitioner and her former spouse, Theodore Bullockus, filed their joint 1979 Federal income tax return on July 10, 1986. On the return, petitioner and Mr. Bullockus reported no tax liability and no prepayment credits. Mr. Bullockus contended that the 1979 return sent to respondent was merely a copy of their timely filed 1979 return. Respondent found no evidence indicating that petitioner and Mr. Bullockus had ever filed their 1979 return before July 10, 1986. Respondent, therefore, requested substantiation concerning several issues set forth on petitioner and Mr. Bullockus' 1979 return. Mr. Bullockus refused to provide substantiation. Respondent issued petitioner and Mr. Bullockus a notice of deficiency on March 13, 1989. Petitioner, separately, filed her petition with this Court on June 12, 1989. In the petition, petitioner alleged that all items on the return were attributable to her former spouse's business affairs. She also alleged that she had no participation in, nor was she apprised of, these business affairs. Petitioner further alleged that she did not review the 1979 return before signing it. Due to petitioner's admission that she knew nothing *569 of her former spouse's business affairs, respondent dealt primarily with Mr. Bullockus after the petitions were filed. Respondent also maintained contact with petitioner through her attorney, Gregory S. Cilli. During an appeals conference after the petition in this case was filed, Mr. Bullockus uncovered substantial errors in his accountant's depreciation computations for the taxable year 1979. Respondent, through his appeals officer, recomputed the depreciation allowances and found that they offset petitioner and Mr. Bullockus' tax liabilities for the taxable year 1979 as determined by respondent in the notice of deficiency. As a consequence of the new substantiation provided by Mr. Bullockus, respondent sent stipulated decision documents reflecting no deficiencies or additions to tax to the Court on November 15, 1990. Petitioner filed a motion for an award of litigation and administrative costs on December 26, 1990. On December 28, 1990, this Court issued an order vacating the decision previously entered in this case. OPINION Petitioner argues that she is entitled to recover her litigation and administrative costs since respondent acted arbitrarily and unreasonably when *570 he failed to contact her during the audit process and failed to allow her the right to explain or support the deductions taken on the 1979 return before the notice of deficiency was issued. In support of her argument, petitioner points out that respondent failed to contact her before the notice of deficiency was issued even though respondent had knowledge of her current address and whereabouts for each of the years following 1979. A taxpayer may be awarded reasonable litigation and administrative costs in a tax proceeding if he or she is the prevailing party as defined in section 7430(a). To come within the statutory requirements, a taxpayer must: (1) Establish that the position of the United States in the proceeding was not substantially justified, (2) have substantially prevailed in the controversy, and (3) meet the requirements regarding net worth. , affd. . Further, the "prevailing party" must exhaust his or her administrative remedies within the meaning of section 7430(b)(1). All of these conjunctive requirements must be met for an award to be made. . *571 Petitioner bears the burden of showing that respondent's position was unreasonable. Cf. . In meeting this burden, petitioner must show that legal precedent does not reasonably support respondent's position given the facts available to respondent. Cf. . Respondent's position need not be a guaranteed winner. The mere fact that respondent concedes the case does not automatically mean that his position in the civil proceeding was unreasonable or not substantially justified. . In deciding this issue, we examine as to the administrative proceeding the events as of the date of the notice of deficiency and as to the judicial proceeding the events occurring after the filing of the petition. ; ; ; , affd. *572 on this point, vacated and remanded . The Court has examined several factors in determining the issue of reasonableness, including: (1) Whether the Government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the Government pursued the case against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) other factors as the Court finds relevant. ; . Respondent conceded that petitioner substantially prevailed in the proceeding in question as set forth under section 7430(c)(4)(A)(ii). Petitioner still has the burden of proof in establishing the other factors under section 7430 necessary for petitioner to be considered the prevailing party. One of the factors that petitioner must establish in order to recover costs is that respondent's position was not reasonable or substantially justified. Petitioner has not done so. The facts indicate that *573 respondent acted reasonably with respect to the case at hand. Respondent requested petitioner's husband to substantiate items on the 1979 return. He refused to do so. Respondent is certainly substantially justified and within his authority to issue a notice of deficiency when a taxpayer refuses to cooperate and refuses to substantiate claimed deductions. We acknowledge that petitioner claims she was never contacted by respondent before the notice of deficiency was issued. However, in the petition, petitioner admitted that she knew nothing of her former husband's business dealings. Therefore, it is only logical for respondent to focus its inquiry primarily on Mr. Bullockus. When Mr. Bullockus discovered an accounting error in the preparation process of the 1979 return that negated any determined deficiencies, respondent correctly submitted a stipulated decision to this Court reflecting no deficiency or additions to tax owing by petitioner for the taxable year 1979. We find that respondent acted reasonably. Petitioner has failed to meet her burden of proof in establishing that she was the prevailing party under section 7430(a) in that petitioner failed to establish that respondent *574 acted unreasonably. Therefore, it is unnecessary for us to discuss any of the other conjunctive elements required for petitioner to recover her costs. Based on the foregoing, petitioner's motion for award of costs is denied. An appropriate order will be issued. Footnotes
1. Petitioner's motion filed with the Court requests litigation costs only, but the attachments thereto indicate that petitioner also incurred administrative costs. For proceedings begun after the Nov. 10, 1988, date of enactment of sec. 6239 of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743, sec. 7430(a) provides that any person who is a prevailing party is entitled to reasonable litigation and administrative costs. Consequently, we shall treat the document filed by petitioner as a motion for award of litigation and administrative costs. ↩
2. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.↩